In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1189
UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
CLAUDE H. ATKINSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana,
Indianapolis Division.
No. 90-CR-113--Sarah Evans Barker, Judge.

ARGUED May 16, 2001--DECIDED July 30, 2001

Before HARLINGTON WOOD, JR., COFFEY, and
WILLIAMS, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.  On
September 5, 1991, the appellant, Claude
H. Atkinson, pled guilty to conspiracy to
manufacture marijuana, in a quantity in
excess of 1000 plants, in violation of 21
U.S.C. sec.sec. 841(a)(1) and 846 and
currency structuring in violation of 31
U.S.C. sec. 5324(3) and 18 U.S.C. sec. 2.
Atkinson was originally sentenced to
twenty-five years imprisonment, but
following an appeal to this court, his
sentence was reduced to 210 months. See
United States v. Atkinson, 979 F.2d 1219
(7th Cir. 1992) ("Atkinson I"). Atkinson
made two more trips to this court, but
his sentence remained the same. In 1999,
after an amendment to the United States
Sentencing Guidelines (the "Guidelines"
or "U.S.S.G."), Atkinson was again re-
sentenced by the district court, and his
sentence was further reduced to 188
months. It is this new sentence that he
now appeals. For the reasons stated, we
affirm the sentence imposed by the
district court.

I.  Background

The facts underlying this case are fully
laid out in Atkinson I, 979 F.2d 1219,
and it is unnecessary to repeat them
here. Atkinson was initially sentenced on
September 27, 1991. Atkinson's plea
agreement with the government provided
inter alia:
6.  In exchange for Atkinson entering a

plea of guilty as set forth in paragraph 1, above, and his cooperation as set forth in paragraph 5, above, the Government agrees at the time of sentencing to file a motion pursuant to Title 18, United States Code, Section 3553(a) and Section 5K1.1 of the Sentencing Reform Act, which the parties to this agreement established by statute and the Sentencing Reform Act. Atkinson has been advised and is aware that under the Federal Sentencing Guidelines, even without the enhancement of his sentence under provisions of Title 21, United States Code, Sections 841 and 851, his criminal history places him in the career offender category at level 37 and provides for a sentencing guideline range of thirty years to life.

7. Pursuant to the provisions of Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties to this Agreement agree that the term of imprisonment may not exceed a period of thirty-five (35) years for the charges to which the defendant, Claude Harrison Atkinson, is pleading guilty. . . . The Government recognizes that the defendant, Claude Harrison Atkinson, is free to argue for the sentence he deems to be most appropriate. The defendant, Claude Harrison Atkinson, recognizes the Government intends to argue for a sentence of a term of imprisonment of thirty-five (35) years.

8. The parties recognize that the United States of America is to receive complete, total and truthful cooperation, not only in the Southern District of Indiana, but also in such other districts of the United States of America which have or will agree in writing to the terms of this Final Plea Agreement. The Government agrees, at the time of sentencing, to advise the Court of the quantity and quality of cooperation provided to the Government by the defendant, Claude Harrison Atkinson.

At the 1991 sentencing, the district court determined that Atkinson's total offense level was 38 with a CriminalHistory Category of VI. This determination resulted in a sentencing guideline range of 360 months to life imprisonment. The district court noted that a cap of thirty-five years had been agreed to and that the government had filed a U.S.S.G. sec. 5K1.1 motion requesting a downward departure. Judge

Barker granted the downward departure and, noting Atkinson's age and health problems, imposed a sentence of twenty-five years (300 months) imprisonment./1

Atkinson appealed the sentence. On appeal, the government conceded that the sentence was wrong because one of Atkinson's prior felonies upon which the court relied at sentencing did not count toward career offender status under U.S.S.G. sec.sec. 4B1.1 and 4B1.2. Atkinson I, 979 F.2d at 1222. To correct this mistaken assumption regarding Atkinson's criminal history, the government argued that the court should allow the reinstatement of charges dismissed as part of the plea agreement. Id. at 1222-23. Refusing to reform the plea agreement, the panel vacated Atkinson's sentence and remanded the case for re-sentencing. Id. at 1223.

On remand, the district court determined that Atkinson's proper offense level was 35 and his Criminal History Category was IV. This computation resulted in a guideline range of 235 to 293 months imprisonment. The court then heard statements from both counsel regarding the government's sec. 5K1.1 motion. The prosecutor characterized Atkinson's cooperation as "virtually flawless in every respect" and summed up by stating, "the government requests a downward departure, but nonetheless requests a substantial sentence." The district court granted the government's sec. 5K1.1 motion, holding that a proper departure would be a three-level reduction in the total offense level. The downward departure resulted in an adjusted guideline range of 168 to 210 months. The district court, noting the seriousness of his criminal conduct, sentenced Atkinson to 210 months of imprisonment.

Atkinson again appealed. See United States v. Atkinson, 15 F.3d 715 (7th Cir. 1994). He argued that the district court had abused its discretion by not granting him a more substantial downward departure and had misapplied the Guidelines. Id. at 717. We rejected his arguments and affirmed the sentence imposed by the district court. Id. at 721. Subsequently, in January 1996, Atkinson filed a motion to vacate his sentence under 28 U.S.C. sec. 2255. The district court denied the motion, and we affirmed in an unpublished

order.

In 1999, Atkinson filed, pro se, a motion for re-sentencing under 18 U.S.C. sec. 3582(c)(2)/2 based on Amendment 516 to the 1995 Guidelines. At the time Atkinson was sentenced, the Guidelines equated one marijuana plant with 1000 grams of marijuana. Amendment 516 changed the weight equivalency of a marijuana plant from 1000 grams to 100 grams and applied retroactively. See U.S.S.G. sec. 1B1.10. The court gave the government thirty days to respond to the motion, and Atkinson was then given twenty days to reply.

In its written response, the government did not oppose Atkinson's motion and acknowledged the change in the Guidelines. However, it urged the district court to consider the terms and general intent of the plea agreement in making its sentencing determination. The government insisted that both parties were well aware that Atkinson would be sentenced to a substantial term of imprisonment in spite of his significant cooperation in several prosecutions. Also, the government pointed out that Atkinson's previous sentence involved a discretionary downward departure for cooperation under U.S.S.G. sec. 5K1.1. Citing United States v. Wyatt, 115 F.3d 606, 610 (8th Cir. 1997), and United States v. Vautier, 144 F.3d 756, 761 (11th Cir. 1998), the government asserted that the district court was "not obligated to honor its original departure, or award a proportionately equal departure." The government made known to the court that it had "no objection to a re-sentencing of the defendant at the high end of the new guideline range (188 months), but object[ed] to any further departure from that range."

The district court did not hold a hearing on the matter. Instead, on November 19, 1999, the district court ordered the Probation Office to prepare a memorandum outlining what the guideline range would have been had Amendment 516 been in effect at the time of Atkinson's original sentencing. The probation officer, applying Amendment 516, determined that Atkinson's base offense level would be 32. The memorandum then noted that two levels should be added

pursuant to U.S.S.G. sec. 3B1.1(c), resulting in an adjusted offense level of 34. Finally, the probation officer determined that the offense level should be reduced by three levels for acceptance of responsibility under U.S.S.G. sec. 3E1.1(b), resulting in a total offense level of 31. Given Atkinson's Criminal History Category of IV, the revised guideline range was 151 to 188 months imprisonment.

In a written order dated December 28, 1999, the district court granted Atkinson's request for re-sentencing. The order read in part as follows:

The court has considered the fully briefed arguments of the parties and the expanded record and finds that had Amendment 516 been in effect at the time of sentencing the court would have imposed an executed sentence of One Hundred Eighty-Eight (188) months for [C]ount I and would not have imposed a fine as to Count I. The court further finds no reason to conclude that the original sentence should not now be modified consistent with this determination.
. . .

The Probation Officer is directed to prepare an amended judgment, identical in all respects with the judgment entered on February 5, 1993, except that the amended judgment shall provide for the imposition of an executed sentence of One Hundred Eighty-Eight (188) months for Count I and no fine for Count I.

The relief to which Atkinson is entitled does not require a further in-court proceeding, but merely the ministerial re-creation and re-issuance of the final judgment. United States v. Tidwell, 178 F.3d 946 (7th Cir. 1999) . . . . (emphasis in original). The amended judgment was entered on January 4, 2000. Atkinson filed this timely appeal, and this court ordered that counsel be appointed to represent Atkinson on appeal./3

II.  Analysis
A. Downward Departure Request: U.S.S.G. sec. 5K1.1 Motion

Atkinson contends that the district court erred during re-sentencing by

failing to consider the government's U.S.S.G. sec. 5K1.1 motion for a downward departure. He asserts that the district court did not understand it had the authority to grant a downward departure at the time of his second re-sentencing. We do not have jurisdiction to review a district court's decision to exercise its discretion to deny a downward departure under the Guidelines. United States v.Albarran, 233 F.3d 972, 978 (7th Cir. 2000). However, we can review "a refusal to depart that is based on an erroneous legal conclusion about the court's authority to depart." United States v. Poff, 926 F.2d 588, 591 (7th Cir. 1991).

At first glance, it appears Atkinson's argument may have some merit. In its December 28th order, the district court, citing Tidwell, 178 F.3d 946, stated that the re-sentencing did "not require a further in-court proceeding, but merely the ministerial re-creation and re-issuance of the final judgment." Also, Atkinson notes (1) the government's sec. 5K1.1 motion was filed under seal, years before the second re-sentencing; (2) the Probation Office memorandum outlining the effect of Amendment 516 did not address the sec. 5K1.1 motion; and (3) the district court never mentioned the motion in its re-sentencing order. Among other cases, Atkinson cites United States v. Vahovick, 160 F.3d 395 (7th Cir. 1998), for support. In Vahovick, we vacated the defendant's sentence because we could not "conclude with assurance" that the district court considered a specific downward departure. Id. at 398-99. Atkinson asserts that, based on the record in the present case, it is impossible to know with assurance that the district court considered a downward departure.

We are unable to join in Atkinson's conclusion. "[A] claim that a seasoned judge . . . didn't understand his discretion will rarely, if ever, be successful when built merely on inference. Article III judges are presumed to know the law. . . ." Albarran, 233 F.3d at 979 (internal quotations and citations omitted). Atkinson's argument relies almost solely upon inference. Upon examination, it becomes clear that his argument is not supported by the record. The government, in its response to Atkinson's request for

re-sentencing, advised the court that Atkinson's previous sentence involved a discretionary downward departure under sec. 5K1.1. Citing cases from the Eighth and Eleventh Circuits, the government asserted that the district court was "not obligated to honor its original departure, or award a proportionately equal departure." Atkinson, in his reply to the government's response, further addressed the sec. 5K1.1 issue, arguing that the government's stance on the issue constituted a breach of the plea agreement.

In imposing the revised sentence, the district court noted that it had "considered the fully briefed arguments of the parties and the expanded record." Contrary to Atkinson's assertions, the district court was not "unaware that it had the discretion to depart." Here, although Judge Barker, the same judge who has presided over all of Atkinson's sentencing hearings, never explicitly stated that she considered the sec. 5K1.1 motion in connection with the second re-sentencing, there is nothing in the record to suggest that she believed that she did not have the authority to depart downward. She had in fact exercised this discretion by granting downward departures on two previous occasions in this same case. The papers filed by the government in connection with the second re-sentencing made it clear that the sec. 5K1.1 departure was a matter that the court needed to consider. We conclude that the refusal to grant a downward departure was an exercise of the court's discretion which cannot be reviewed by this court. We dismiss this portion of Atkinson's appeal for lack of appellate jurisdiction.

B.   Breach of Plea Agreement

We turn next to Atkinson's contention that the government breached its plea agreement with him by failing to remind the court of the nature and value of his cooperation and by specifically objecting to any departure from the revised guideline range. We believe Atkinson sufficiently preserved this issue for appeal, and therefore, our standard of review is de novo. See United States v. Schilling, 142 F.3d 388, 394 (7th Cir. 1998)./4

"[P]lea agreements are contracts, and their content and meaning are determined according to ordinary contract principles." United States v. Ingram, 979 F.2d 1179, 1184 (7th Cir. 1992). "[T]o insure the integrity of the plea bargaining process, the 'most meticulous standards of both promise and performance must be met by the government.'" United States v. Jimenez, 992 F.2d 131, 134 (7th Cir. 1993) (quoting United States v. Bowler, 585 F.2d 851, 854 (7th Cir. 1978)). "The government must fulfill any promise that it expressly or impliedly makes in exchange for a defendant's guilty plea." Ingram, 979 F.2d at 1184 (citing Santobello v. New York, 404 U.S. 257, 261 (1971)). "[T]he strict fulfilment of prosecutorial promises emanates as a requirement from the significant consequences of a guilty plea." United States v. Ataya, 864 F.2d 1324, 1330 (7th Cir. 1988) (internal quotations and citations omitted). However, "[w]e review the language of the plea agreement objectively and hold the government to the literal terms of the plea agreement." United States v. Williams, 102 F.3d 923, 927 (7th Cir. 1996). To make a determination as to breach, we "must examine whether there has been a substantial breach of the plea agreement, in light of the parties' reasonable expectations upon entering the agreement." Schilling, 142 F.3d at 395 (internal quotations and citations omitted).

Under the terms of the plea agreement, the government was required to file a sec. 5K1.1 motion for a downward departure and to advise the court of the nature and extent of Atkinson's cooperation. Clearly, the government fulfilled this promise. Prior to Atkinson's initial sentencing on September 27, 1991, the government filed a sec. 5K1.1 motion. Also, the government advised Judge Barker of Atkinson's cooperation at both the initial sentencing and at the hearing on the first re-sentencing. Finally, the government reminded the court of the pending sec. 5K1.1 motion in its papers filed in connection with the second re-sentencing.

Therefore, we need only consider whether the government's recommendation of a sentence at the top of the revised

guideline range (188 months) and its specific objection to "any further departure" from the revised range constituted a breach of the plea agreement. We believe that it does not. The government expressly informed the court of its pending sec. 5K1.1 motion. The government had also informed Judge Barker of the nature and extent of Atkinson's cooperation at the two previous sentencing hearings. Based on the terms of the plea agreement, Atkinson was aware that the government intended to argue for a sentence of thirty-five years. The recommendation of a 188 month sentence falls well below this sentencing cap. After examining the terms of the plea agreement together with the unique facts of this case, we believe that the government fulfilled all promises arising out of the agreement. Atkinson's claim of error fails.

### III. Conclusion

For the above stated reasons, we AFFIRM the sentence imposed by the district court.

FOOTNOTES

/1
The Judgment entered October 8, 1991 set out the "Guideline Range as Determined by the Court" as follows: Total Offense Level: 36, Criminal History Category: VI, and Imprisonment Range: 324 to 405 months. The Judgment noted that the court was departing from the Guidelines "upon motion of the government, as a result of defendant's substantial assistance" and "[a]s a result of the defendant's age and health, in consideration of the length of the sentence ordered by the Court." The Judgment reflected the sentence announced by the court at the sentencing hearing, 300 months imprisonment on Count 1 and sixty months imprisonment on Count 4 to be served concurrent to the sentence on Count 1.

/2
Section 3582(c)(2) provides:
(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
. . .
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. sec. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set

forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission.
18 U.S.C. sec. 3582(c)(2).

/3
Atkinson has also filed a pro se brief on appeal.

/4
While the district court did not expressly address the issue, Atkinson, acting pro se, argued as a part of his reply in the district court that the government had breached the plea agreement by requesting a sentence at the high end of the revised guideline range and objecting to any further departure. It is well-established that pleadings submitted by pro se defendants should be liberally construed. McNeil v. United States, 508 U.S. 106, 113 (1993).