**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco RAFAELA–MORALES a/k/a
Daniel Rodriguez, Defendant–
Appellant.**

**No. 01–2907.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 7, 2002.

Decided March 7, 2002.

Before COFFEY, MANION, WILLIAMS, Circuit Judges.

### ORDER

Mexican citizen Francisco Rafaela–Morales pleaded guilty to being present in the United States without permission after having been removed, 8 U.S.C. § 1326(a), and was sentenced to 51 months' imprisonment to be followed by three years' supervised release. Rafaela–Morales appeals, but his counsel now moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), explaining that he is unable to identify a nonfrivolous ground for appeal. We invited Rafaela–Morales to respond to counsel's motion, *see* 7th Cir. R. 51(b), but he declined. Thus, because counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential issues he discusses. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we conclude that an appeal raising those issues would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

 Counsel first considers whether Rafaela–Morales could argue that his guilty plea was not knowing or voluntary, but counsel concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. Because Rafaela–Morales did not move to withdraw his guilty plea, we would review his Rule 11 colloquy for plain error. *see United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, 1045–46, —— L.Ed.2d —— (2002); *United States v. Driver,* 242 F.3d 767, 769 (7th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 1294, 152 L.Ed.2d. 207 (2002), and we agree with counsel that Rafaela–Morales's plea colloquy reveals no errors. First, before accepting Rafaela–Morales's guilty plea, the district court determined that he was competent to enter such a plea and questioned him regarding the nature of the charge, the various rights he would waive by pleading guilty, and the possible penalties, including the effect of supervised release. The district court explained that it was required to consider the applicable sentencing guidelines, but also acknowledged that in some circumstances it had the power to depart from those guidelines. Furthermore, after the district court warned Rafaela–Morales that his testimo-

ny could be used against him in a perjury prosecution, Rafaela–Morales testified that he was not forced to plead guilty and confirmed the government's factual basis for the guilty plea. Thus, because the district court thoroughly complied with Rule 11, an appeal based on the validity of Rafaela–Morales's plea would be frivolous.

Counsel next examines whether Rafaela–Morales could challenge his guilty plea because the government prosecuted him by information rather than by indictment. We agree with counsel that such an argument would be frivolous because Rafaela–Morales waived his right to be prosecuted by indictment. *See* Fed.R.Crim.P. 7(b); *United States v. Mezzanatto*, 513 U.S. 196, 202, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (recognizing right to waive indictment); *Smith v. United States*, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959) (same). His waiver is valid because, after the district court questioned Rafaela–Morales regarding the nature of the charge against him and his right to be prosecuted by indictment, Rafaela–Morales explained that he discussed the waiver with his attorney and agreed to waive his right to an indictment. *See* Fed.R.Crim.P. 7(b). Thus, Rafaela–Morales's waiver makes an appeal on this issue frivolous.

Finally, counsel considers potential sentencing challenges, but concludes that any claim of error would be frivolous. First, counsel observes that Rafaela–Morales's 51–month sentence is well within the 20–year statutory maximum applicable to § 1326(a) violations committed after conviction for an aggravated felony. *See* 8 U.S.C. § 1326(b)(2). Next, counsel notes that we lack jurisdiction to review the district court's discretionary refusal to depart downward from the Sentencing Guidelines because the district court un-

equivocally understood that it had the authority to depart. *See United States v. Atkinson*, 259 F.3d 648, 652–53 (7th Cir. 2001). Finally, counsel concludes that Rafaela–Morales waived any challenge based on an incorrect application of the guidelines because he not only expressly approved of the calculations in the presentence report, but also stipulated to those same calculations in his plea agreement. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000) (concluding that defendant waived right to challenge criminal history calculation because he affirmatively decided not to object to the presentence report). After reviewing the plea agreement, presentence report, and sentencing transcript, we agree that any challenge to Rafaela–Morales's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.