UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerome McGEE, Defendant–Appellant.

No. 00 CR 539.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 2002.

Decided June 5, 2002.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

ORDER

Jerome McGee pleaded guilty to racketeering in violation of 18 U.S.C. § 1962(c) and was sentenced to 87 months' imprisonment, the minimum for his guideline range. He filed an appeal, but his attorney seeks leave to withdraw because he could not find any non-frivolous issues to advance on McGee's behalf. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). McGee did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), and since the *Anders* brief is facially adequate, we confine our review to the potential issues it identifies, *see United States v. Tabb,* 125 F.3d 583 (7th Cir.1997).

Counsel first examines whether McGee could challenge the district court's refusal to depart downward from the guideline range. *See* U.S.S.G. § 5K2.0. But as counsel notes, there is nothing in the sentencing transcript to indicate that the district court was operating under the mistaken belief that it lacked the legal authority to depart. We would therefore lack jurisdiction to review the court's decision, *United States v. Atkinson,* 259 F.3d 648, 652–53 (7th Cir.2001), so we agree that an appeal on this ground would be frivolous.

Next, counsel considers whether McGee could argue that his attorney was ineffective. We agree with counsel that it would be premature to raise such a claim on direct appeal; the proper vehicle would be a motion for collateral relief under 28 U.S.C. § 2255. *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Finally, counsel considers whether McGee could challenge the validity of his guilty plea, given the requirements of Federal Rule of Criminal Procedure 11(c).

But in *Knox,* which was decided after counsel filed his *Anders* brief, we said that appellate lawyers should not present a Rule 11 argument unless they are certain that their client *wants* to withdraw the guilty plea, *see id.,* and McGee has given no indication that he wants to do so here. It therefore does not matter whether there were any shortcomings in the plea colloquy, but we have reviewed the transcript nonetheless and confirm counsel's conclusion that the district court followed Rule 11 to the letter.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.