**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mourad MADRANE, Defendant–**
**Appellant.**

No. 02–3349.

United States Court of Appeals,
Seventh Circuit.

Submitted June 25, 2003.

Decided June 25, 2003.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

1. The details of Madrane's assistance were presented by counsel under seal.

## ORDER

From the fall of 2000 to the spring of 2001, Mourad Madrane used his position as a waiter in a suburban Chicago restaurant to steal information from his patrons' credit cards by running them through an electronic "skimmer." He pleaded guilty to four counts of access-device fraud, 18 U.S.C. § 1029(a)(2), (a)(3), (a)(4), and (b)(2), and the district court sentenced him to four concurrent terms of 18 months' imprisonment, with three years of supervised release, and ordered him to pay $180,442.02 in restitution. Madrane filed a notice of appeal, but his counsel seeks to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Madrane filed objections. *See* Cir. R. 51(b). We limit our review of the record to the potential issues identified in counsel's facially adequate brief and in Madrane's objections. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel examines two potential arguments concerning Madrane's sentence. He first addresses whether Madrane could make a nonfrivolous argument that the government's refusal to recommend downward departure was irrational and discriminatory. Although Madrane helped the government apprehend and prosecute his partner in the credit-card scam–a man who also happened to be wanted in connection with the terrorist attacks of September 11, 2001 [1]–the government declined to recommend downward departure under U.S.S.G. § 5K1.1. Such a decision is subject to review by the district court if the court finds it to have been based on an unconstitutional motive, such as race or religion, or finds that it has no rational relation to any

legitimate government end. *See United States v. Wade,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Santoyo,* 146 F.3d 519, 523–24 (7th Cir.1998). The district court correctly concluded that there was no evidence of discrimination, and that the government did not act irrationally in concluding that Madrane's assistance, though significant, did not warrant a departure recommendation. We agree with counsel that it would be frivolous to raise this argument on appeal.

■ Counsel next examines whether Madrane could argue that the district court failed to recognize its discretion under U.S.S.G. § 5K2.0 to depart downward based on mitigating factors not sufficiently taken into consideration by the guidelines, *see* 18 U.S.C. § 3553(b); *Koon v. United States,* 518 U.S. 81, 94–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)–namely, Madrane's assistance in matters affecting national security. Counsel notes that although assisting the government with the prosecution of another is already encompassed under § 5K1.1, it could be argued that assistance with a matter affecting national security goes beyond what that section anticipated. The district court considered that possibility, however, and concluded that § 5K1.1 sufficiently encompassed Madrane's situation.[2] The district court therefore acknowledged its discretion to depart downward, and thus we are without authority to review its decision not to do so. *See United States v. Atkinson,* 259 F.3d 648, 652–53 (7th Cir.2001); *United States v. Gulley,* 992 F.2d 108, 111–12 (7th Cir.1993).

■ In his response, Madrane argues that two of the four counts against him– possession of more than 15 access devices (or "skimmers") and possession of device-making equipment–should have been charged only against his partner, because Madrane himself was in possession of only a single access device. However, by pleading guilty to those counts, Madrane admitted all of the elements essential to the offenses. *See United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir. 2001). In any event, by collaborating with his partner in the credit-card scam, Madrane subjected himself to vicarious liability for his partner's possession of additional devices within the foreseeable scope of the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Curtis,* 324 F.3d 501, 506 (7th Cir.2003). It would therefore be frivolous to raise this argument on appeal.

Because the potential issues that counsel and Madrane have identified are frivolous, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

---

2. When Madrane's lawyer suggested to the court that the nature and object of Madrane's cooperation created atypical circumstances, the court replied: "We do not have atypical circumstances. The government gets people to cooperate, it puts them to work in the investigation in which they have been indicted, it puts them to work in other investigations, they get information about far-flung, unrelated things from them. It happens all the time.... It sounds like cooperation to me. Sounds like 5K1.1."