**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4078**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON ROBERT GOFORTH,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-03-320)

---

Submitted:  June 9, 2004              Decided:  November 2, 2004

---

Before MOTZ, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jason Robert Goforth pled guilty pursuant to a written plea agreement to one count of bank robbery, 18 U.S.C. § 2113(a) (2000), and one count of knowingly possessing body armor after having been convicted of a felony, 18 U.S.C. §§ 931 and 924(a)(7) (2000). He was sentenced to 113 months in prison. Goforth does not challenge his convictions but appeals the determination of his sentence. We affirm.

In its Presentence Investigation Report ("PSR"), the probation office recommended that Goforth be sentenced as a "career offender" under U.S. Sentencing Guidelines Manual § 4B1.1 (2002). The predicate crimes for this recommendation included Goforth's 1999 state court conviction for possessing a dangerous weapon while in prison. The district court decided to sentence Goforth as a career offender, holding, over defendant's objection, that the state conviction for possessing a dangerous weapon in prison qualified as a "crime of violence" under USSG § 4B1.2. Specifically, the district court held that possession of a weapon by an inmate is "categorically" a crime of violence because of the "danger that is presented by the possession of a weapon in a prison setting."

Under USSG § 4B1.1, a defendant is a "career offender" if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. In determining whether a predicate offense is a "crime of violence," a sentencing court should use a categorical approach and look to the fact of conviction and the statutory definition of the prior offense. See United States v. Johnson, 953 F.2d 110, 114-15 (4th Cir. 1991). The court determines if the statutory or common law definition of the offense "list[s] as an element 'the use, attempted use, or threatened use of physical force.'" United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991).

If this inquiry is not determinative, the sentencing court must determine if the crime "'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" United States v. Martin, 215 F.3d 470, 472 (4th Cir. 2000) (quoting USSG § 4B1.2(a)(2)). In making this determination, the court must consider only the facts charged in the indictment, and "[i]f that effort is unavailing, . . . consider whether the offense of conviction is a crime of violence in the abstract." Id. at 473. Whether a prior conviction is a crime of violence is a question of law that this Court reviews de novo. United States v. Dickerson, 77 F.3d 774, 775 (4th Cir. 1996).

We conclude the district court did not err in determining that possession of a dangerous weapon by a prisoner is a "crime of violence" because of the inherent nature of the crime and its serious potential risk for physical injury to another. See United States v. Kenney, 310 F.3d 135, 137 (3rd Cir. 2002); United States v. Vahovick, 160 F.3d 395, 397-98 (7th Cir. 1998); United States v. Young, 990 F.2d 469, 472-73 (9th Cir. 1993); see also United States v. Romero, 122 F.3d 1334, 1340-41 (10th Cir. 1997) (holding that conveying a weapon in federal prison is a "violent felony" for purposes of applying the Armed Career Criminal Act). We therefore affirm Goforth's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[*]

AFFIRMED

---

[*]In light of the opinion issued by this Court in United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004), we hold that Blakely v. Washington, 124 S. Ct. 2531 (2004), does not impact Goforth's sentence.