NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008
Decided November 17, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1472

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-30060-001 |
| DWAYNE JETT, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Dwayne Jett pleaded guilty to conspiracy to distribute crack. *See* 21 U.S.C. §§ 846, 841(a)(1). Because of his substantial assistance to the government in another investigation, *see* U.S.S.G. § 5K1.1, the district court sentenced him below the guidelines range, to 209 months' imprisonment. Jett appealed, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue to pursue. We invited Jett to comment on counsel's motion, *see* CIR. R. 51(b), but he did not respond, so we review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Jett might argue that his plea was involuntary, but counsel has not disclosed whether he consulted Jett about Jett's desire to withdraw the plea, so counsel should not have broached the issue in his brief. *See United States v. Torres*, 482 F.3d 925, 925 (7th Cir. 2007); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). In any event, Jett did not move to withdraw his guilty plea in the district court, so our review would be for plain error, *see United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006), and we discern no error. The district court substantially complied with Federal Rule of Criminal Procedure 11; thus we agree that any potential challenge to the voluntariness of the guilty plea would be frivolous. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003).

Counsel next considers whether Jett could challenge certain guidelines calculations of the district court. At sentencing, for instance, Jett had originally objected to upward adjustments for possession of a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1), and recruiting a minor to help him commit the offense, *see id.* § 3B1.4. However, he explicitly withdrew these objections, presumably to ensure that he received a three-level adjustment for acceptance of responsibility, *see id.* § 3E1.1. By withdrawing the objections, Jett waived his right to challenge these adjustments on appeal. *See United States v. Adcock*, 534 F.3d 635, 641 (7th Cir. 2008).

Additionally, counsel examines whether Jett could argue that his prison sentence is unreasonable because his codefendant, Jermarel Jackson, pleaded guilty to the same offense and had the same guidelines range, but received a shorter prison sentence. At the government's recommendation, Jett was given a sentence 20% below the low end of the range, whereas Jackson received a sentence that was 30% below the low end. As the government explained at sentencing, however, Jett was less deserving than Jackson of a reduction under § 5K1.1 because Jett had been less forthcoming and provided significantly less assistance. A sentencing difference between codefendants is appropriate if it is justified by legitimate considerations, including cooperation with the government. *United States v. Serfling*, 504 F.3d 672, 681 (7th Cir. 2007); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

Finally, counsel considers whether Jett could argue that his sentence is unreasonable in light of the Supreme Court's holding in *Kimbrough v. United States*, 128 S. Ct. 558, 572 (2007), that a district court may sentence below the guidelines range if it disagrees with the sentencing disparity between crack and powder cocaine. *See United States v. Padilla*, 520 F.3d 766, 773 (7th Cir. 2008). At sentencing Jett asked the district court to consider *Kimbrough*, and though the court did not address the disparity when imposing sentence, we presume it understood its discretion to do so. *See United States v. Atkinson*, 259 F.3d 648, 653 (7th Cir. 2001); *see also United States v. Taylor*, 520 F.3d 746, 747-48 (7th Cir. 2008) ("Normally,

a district court that is aware of an argument does not abuse its discretion by not considering it."). In any event, Jett's sentence was 20% below the guidelines range and we have never declared a below-range sentence to be unreasonably high. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). We therefore agree with counsel that it would be frivolous to argue for a remand on the basis of *Kimbrough*.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.