NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009[*]
Decided June 8, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1034

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-cr-117-jcs-1 |
| JOHN DUNN, | |
| *Defendant-Appellant.* | John C. Shabaz, |
| | *Judge.* |

**O R D E R**

John Dunn (Dunn) is appealing his 130 month prison sentence for his conviction of one count of conspiracy to possess crack with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a) claiming that he is entitled to a limited remand to determine if the district court would have issued the same sentence in light of *Kimbrough v. United States,* 128 S. Ct. 558 (2007). In *Kimbrough,* the Supreme Court held that the 100 to 1 crack/powder disparity in

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

the sentencing guidelines was advisory and that the district court "may consider the disparity between the [sentencing guidelines'] treatment of crack and powder offense" if the district judge issues a sentence below the guideline range. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007). In response to the *Kimbrough* opinion, "this [C]ourt determined that a limited remand would be appropriate where an appeal from a sentencing decision was pending when *Kimbrough* was decided and the district court did not have an opportunity to consider its holding." *United States v. House*, 551 F.3d 694, 701 (7th Cir. 2008) (Citing *United States v. Taylor,* 520 F.3d 746, 747-748 (7th Cir. 2008). However, we have declined to remand a case when the sentencing hearing occurred after *Kimbrough* and the judge made a statement on the record that it was aware of its discretion. *Id.* Although Dunn's sentencing hearing occurred nine days after *Kimbrough,* Dunn asserts that he is still entitled to a limited remand under *Taylor* because the trial judge did not mention his discretionary authority in light of *Kimbrough* during his sentencing hearing. This argument is erroneous.

At Dunn's sentencing hearing on December 19, 2007, the district court properly calculated a guideline imprisonment range of 108 to 135 months. Dunn argued for a below guideline sentence claiming that the amount crack attributable to him was relatively low, that he cooperated with law enforcement officers after he was implicated in the conspiracy and that treatment for his drug addiction would be a more appropriate sentence. The trial judge rejected these arguments and sentenced Dunn to 130 months. During Dunn's sentencing hearing, the court referred to the § 3553(a) factors including the nature and circumstances of the offense, the history and characteristics of the defendant, specifically referring to the length of time Dunn was involved in the conspiracy, and the amount crack attributable to him.

After review of the record and application of the case law, it is clear that Dunn is not entitled to a limited remand under *Taylor*. This court would only order a limited remand had Dunn's sentencing been complete and pending appeal before the *Kimbrough* opinion was released. *Taylor,* 520 F.3d at 747. Here, Dunn's sentencing hearing occurred nine days after the *Kimbrough* decision. Thus, he is not entitled to a limited remand under *Taylor*.

Furthermore, Dunn's argument that the court was obligated to mention its discretionary authority during sentencing is incorrect. "[A] claim that a seasoned judge . . . didn't understand his discretion will rarely, if ever, be successful when built merely upon inferences. Article III judges are presumed to know the law . . ." *United States v. Atkinson*, 259 F.3d 648, 653 (7th Cir. 2001) (internal quotations and citations omitted). It is clear that the district judge considered the arguments raised by Dunn and the factors set forth in § 3553(a) on the record before issuing a within guidelines sentence. Even though the trial judge did not mention *Kimbrough* at sentencing, this was not an error. *Taylor,* 520 F.3d at

747.  If Dunn wanted a specific ruling based on *Kimbrough*, it should have been brought to the attention of the trial court during the sentencing hearing.  When a district judge issues a sentence that is within the calculated guidelines, he is entitled to a presumption of reasonableness that can only be rebutted by demonstrating that the "sentence was unreasonable when measured against the factors set forth in § 3553(a)."  *United States v. Myktiuk,* 415 F.3d 606, 608 (7th Cir. 2005).  In as much as the defendant failed to rebut this presumption, Dunn "cannot complain on appeal that [his] sentence should have been reduced based upon § 3553(a) factors that were never brought to the attention of the district court."  *United States v. Fillipiak,* 466 F.3d 582, 584 (7th Cir. 2006).  Dunn has failed to demonstrate that the district court was unaware of its discretion during his sentencing hearing.   Thus, we conclude the sentencing judge exercised his discretion properly when sentencing Dunn to 130 months and AFFIRM the judgement of the district court.