MEMORANDUM **
Luis Alberto Enriquez appeals his 96-month sentence for importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate his sentence and remand for resentencing.
Enriquez contends that the district court erred at sentencing by refusing to consider him for a minor role adjustment under § 3B1.2 of the United States Sentencing Guidelines Manual. The government argues that Enriquez’s claim is subject to plain error review because he did not object at the time the sentence was imposed. We reject that argument. Enriquez argued for the minor role adjustment in his sentencing memorandum and throughout the sentencing hearing, so he was not required to lodge a further objection or exception to the court’s ruling in order to preserve his challenge. Fed.R.Crim.P. 51(a); United States v. Mancinas-Flores, 588 F.3d 677, 686 (9th Cir.2009). We review the district court’s interpretation of the Guidelines de novo. United States v. Treadwell, 593 F.3d 990, 999 (9th Cir.2010).[1]
The Guidelines provide that a defendant is entitled to a minor role adjustment if the defendant was “substantially less culpable than the average participant” in the criminal scheme, and explicitly in comment state that a drug courier could be eligible for such an adjustment. U.S. Sentencing Guidelines Manual § 3B1.2 (2011); U.S. Sentencing Guidelines Manual § 3B1.2 cmt. 3(A) (2011) (“[A] defendant ... whose *474 role in [a drug trafficking offense] was limited to transporting or storing drugs ... is not precluded from consideration for an adjustment under this guideline.”); United States v. Demers, 13 F.3d 1381, 1385-86 (9th Cir.1994) (“[T]he commentary expressly allows for a downward adjustment for a courier ... ”).
The district judge stated that, “So far as I’m concerned, ... [a courier] does not have a minor role. He or she has about as major a role as anyone else does, and that’s all there is to it.” If this statement was intended as a conclusion that Enriquez could not qualify for a minor role adjustment because of his role as a courier — as it appears to be — then that was error. We have held that if a district court’s comments are ambiguous as to whether it had discretion in sentencing, then the proper course is to remand for clarification. See United States v. Rojas-Millan, 234 F.3d 464, 475 (9th Cir.2000).[2] We view this case as appropriate for such clarification. Further, if the district court’s statement was a categorical exclusion of minor role adjustments for couriers, the error was not harmless because a district court must properly calculate a defendant’s Guideline range before considering whether to depart from that range. See United States v. Munoz-Camarena, 631 F.3d 1028, 1031 (9th Cir.2011) (per curiam).
We remand to the district court to consider whether Enriquez was “substantially less culpable than the average participant” in his criminal scheme, to recalculate Enri-quez’ Guideline range after making that determination with a recognition of discretion, and then to impose sentence. U.S. Sentencing Guidelines Manual § 3B1.2.[3]
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent argues that we fail to give the district court the deference it is due. However, our precedents establish that when a district court makes an interpretation of the Guidelines (rather than an application of the Guidelines to the facts of a particular case), that decision is to be reviewed de novo. Treadwell, 593 F.3d at 999. Our holding here is limited to the question of whether the district court recognized its discretion to apply the minor role reduction to drug couriers. We do not reach the question of whether Enriquez merits such a reduction on the facts of his case, a ruling which, if it had been made by the district court, would be entitled to the deferential abuse of discretion review for which the dissent argues.

. When a district court is unclear about whether it has discretion to impose a particular sentence under the Guidelines, the overwhelming majority of the Circuits follow the same practice of remanding for clarification. See, e.g., United States v. Smith, 278 F.3d 605, 611 (6th Cir.2002); United States v. Powell, 269 F.3d 175, 179-80 (3rd Cir.2001); United States v. Aramony, 166 F.3d 655, 665 (4th Cir.1999); United States v. Vahovick, 160 F.3d 395, 398-99 (7th Cir.1998); United States v. Graham, 83 F.3d 1466, 1481 (D.C.Cir.1996); United States v. Gifford, 17 F.3d 462, 474-75 (1st Cir.1994). But see United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir.1999) ("[W]e treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart.”).

. Because we vacate Enriquez's sentence based on his first claim, we do not reach his second claim of error regarding whether the district court improperly considered Enri-quez’ lack of a plea bargain when he pled guilty as a factor in his sentence.