**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 20, 2005**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10615

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WALTER BRYAN ASHLOCK

Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
(02-CR-243)

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and BARKSDALE, Circuit Judge.[*]

PER CURIAM:[**]

Defendant Walter Bryan Ashlock argues that his conviction

and sentence should be vacated in light of United States v.

Booker, 125 S. Ct. 738 (2005), and the case remanded to the

---

[*] Judge Pickering was a member of the original panel but resigned from the Court on December 8, 2004 and therefore did not participate in this decision. This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court. According to Ashlock, the district court erred when it enhanced his sentence under a mandatory sentencing regime based on findings made by it, rather than by the jury. Ashlock additionally argues that the indictment that served as the basis for his conviction was defective because it did not provide notice of the alleged facts the district court found to enhance his sentence. Accordingly, Ashlock contends that, at a minimum, this court should vacate his sentence and remand to the district court for resentencing.

The government agrees that this case should be remanded to the district court for the purpose of resentencing. Accordingly, IT IS ORDERED that the defendant's conviction is REINSTATED. IT IS FURTHER ORDERED that the defendant's sentence is VACATED and this case is REMANDED to the United States District Court for the Northern District of Texas for resentencing.[1]

---

[1] Ashlock only challenges the sufficiency of the indictment insofar as it pertains to the facts used to enhance his sentence. Because we vacate Ashlock's sentence, his argument that the indictment was defective fails. Additionally, we note, contrary to Ashlock's argument, that after Booker, the government is not required to allege in the indictment facts that are not elements of the offense, but that might nonetheless serve as the basis of a sentencing enhancement. See Booker, 125 S. Ct. at 761-62, 764.

2