United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-40281

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RAMIRO RODRIGUEZ-JAIMES

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
No. 1:05-CR-00001

Before DAVIS, DENNIS, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

In this appeal, we must consider whether the knowing possession of a handgun in violation of a Texas statute prohibiting the possession of a deadly weapon in a penal institution is a crime of violence under the United States Sentencing Guidelines ("U.S.S.G."), and whether the district court's classification of the defendant's prior convictions as crimes of violence violates the defendant's Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005). For the reasons that follow, we AFFIRM.

-1-

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2005, pursuant to an oral plea agreement, Defendant-Appellant Ramiro Rodriguez-Jaimes ("Rodriguez-Jaimes") pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846, and one count of knowingly carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  The presentence investigation report ("PSR") recommended a base offense level of thirty-seven because the probation officer determined that Rodriguez-Jaimes was a career offender pursuant to U.S.S.G. § 4B1.1 in that he previously had been convicted in Texas state court of aggravated robbery and possession of a deadly weapon in a penal institution.  After he received a three-level adjustment for acceptance of responsibility, Rodriguez-Jaimes's total offense level was thirty-four.  This offense level, combined with a Category VI criminal history score, resulted in a guideline sentencing range of 262 to 327 months.

Rodriguez-Jaimes filed two objections to the PSR, both of which related to his classification as a career offender.  First, he claimed that his prior conviction for possession of a deadly weapon in a penal institution was not a crime of violence under U.S.S.G. § 4B1.1.  Second, he argued that the sentencing

enhancement violated his constitutional rights.

The district court overruled these objections and also denied Rodriguez-Jaimes's motion for a downward departure. On January 25, 2006, the district court sentenced Rodriguez-Jaimes to 290 months in prison and four years of supervised release. Rodriguez-Jaimes timely appealed.

## II. DISCUSSION

A. Career Criminal Offender Enhancement

Rodriguez-Jaimes argues that the district court erred in concluding that his prior conviction for possession of a deadly weapon in a penal institution qualifies as a crime of violence for purposes of the career criminal offender enhancement under U.S.S.G. § 4B1.1. Section 4B1.1 of the Sentencing Guidelines provides for an increased sentence to be imposed upon career criminal offenders. A defendant is a career criminal offender under the Guidelines if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
> (1) has as an element the use, attempted use, or threatened use of physical force against the person

-3-

of another, or

(2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The application notes to the Guidelines further explain that:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

Id. § 4B1.2 cmt. n.1.

Rodriguez-Jaimes contends that his prior conviction for possession of a deadly weapon in a penal institution does not qualify as a crime of violence because it does not meet either definition under U.S.S.G. § 4B1.2(a).[1] The government concedes that Rodriguez-Jaimes's prior conviction does not qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(1) because the statute under which Rodriguez-Jaimes was convicted, Texas Penal

---

[1] There is no dispute that Rodriguez-Jaimes was over eighteen years old at the time of the instant offense or that the instant offense is a felony that is a controlled substance offense for purposes of U.S.S.G. § 4B1.1. In addition, Rodriguez-Jaimes does not dispute that his prior conviction in Texas state court for aggravated robbery qualifies as a crime of violence.

-4-

Code § 46.10,[2] does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." Instead, the government claims that Rodriguez-Jaimes's prior conviction for possession of a deadly weapon in a penal institution falls within the "otherwise involves conduct that presents a serious potential risk of physical injury to another" clause of § 4B1.2(a)(2).

Whether a defendant's prior conviction can be classified as a crime of violence under the Sentencing Guidelines is a question of law. See United States v. Guevara, 408 F.3d 252, 259 (5th Cir. 2005), cert. denied, 126 S. Ct. 1080 (2006). We review the district court's interpretation and application of the Guidelines de novo. Id.

Under § 4B1.2(a)(2), "a categorical approach is taken to

---

[2] The statute provides in full:

(a) A person commits an offense if, while confined in a penal institution, he intentionally, knowingly, or recklessly:
(1) carries on or about his person a deadly weapon; or
(2) possesses or conceals a deadly weapon in the penal institution.
(b) It is an affirmative defense to prosecution under this section that at the time of the offense the actor was engaged in conduct authorized by an employee of the penal institution.
(c) A person who is subject to prosecution under both this section and another section under this chapter may be prosecuted under either section.
(d) An offense under this section is a felony of the third degree.

TEX. PENAL CODE ANN. § 46.10 (Vernon 2003).

determine whether the charged count of conviction, by its nature, presented a serious potential risk of physical injury." United States v. Insaulgarat, 378 F.3d 456, 467 (5th Cir. 2004). "[A] crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person." United States v. Charles, 301 F.3d 309, 314 (5th Cir. 2002) (en banc). "Physical injury need not in fact result, but the indictment must make it clear that the crime charged in fact posed the risk." Insaulgarat, 378 F.3d at 467.

The indictment in this case reveals that:

> Ramiro Rodriguez Jaimes, on or about the 13th day of June, One Thousand Nine Hundred and Ninety-Four, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there while confined in a penal institution, namely: Jefferson County Detention Facility, intentionally and knowingly possess and conceal a deadly weapon, to-wit: a firearm, namely, a handgun, that in the manner of its use and intended use was capable of causing serious bodily injury and death . . . .

Thus, the question we face under our categorical approach is whether the specific conduct charged in the indictment by its nature poses a serious potential risk of physical injury. Specifically, we must decide whether intentionally and knowingly possessing and concealing a handgun while confined in a penal institution constitutes conduct which by its nature presents a serious potential risk of physical injury to another.

This court recently decided a similar issue. In United

-6-

States v. Robles-Rodriquez, No. 05-41768, 2006 WL 3716153 (5th Cir. Dec. 14, 2006) (unpublished), we addressed whether the defendant's knowing possession of a prohibited object (specifically, a six-inch metal shank) in a federal correctional facility constituted a crime of violence under U.S.S.G. § 4B1.2(a)(2). Id. at *1. Recognizing that this was an issue of first impression, we looked to other circuit courts that had addressed this issue. See id. at *2 (citing cases from other circuits). These circuits all agreed that possession of a prohibited weapon while in prison is a crime of violence under the Guidelines. See, e.g., United States v. Kenney, 310 F.3d 125, 137 (3d Cir. 2002) (holding that the defendant's possession of a razor blade, in violation of a statute prohibiting possession of contraband by an inmate, was a crime of violence); United States v. Vahovick, 160 F.3d 395, 397 (7th Cir. 1998) (holding that the defendant's possession of a prohibited object in prison, consisting of pencils bound together, was a crime of violence); United States v. Young, 990 F.2d 469, 472 (9th Cir.), cert. denied, 510 U.S. 901 (1993) (holding that possession of a shank in violation of a California statute prohibiting possession of a deadly weapon in prison is a crime of violence). This circuit followed the reasoning of other circuits in holding "that knowing possession of a prohibited object designed and intended to be used as a weapon constitutes a crime of violence under the Sentencing Guidelines." Robles-Rodriquez, 2006 WL 3716153, at

-7-

*2.

In Robles-Rodriquez, the court also considered the same argument that Rodriguez-Jaimes presents here, namely that the crime of possession of a deadly weapon in prison is similar to the crime of unlawful possession of a firearm by a felon outside of prison, the latter of which is not considered a "crime of violence" for purposes of determining whether a defendant is career criminal offender. Id. at *3. In rejecting this argument, we emphasized that "the possession offense occurs in prison, rather than in the outside world. That fact creates a perpetual risk of injury and precludes any legitimate reasons that a non-incarcerated individual could have for possessing a weapon (e.g., recreation)." Id.; see also Vahovick, 160 F.3d at 397 (holding that "there is simply no acceptable use for a weapon by an inmate in a prison for there always exists in such possession the 'serious potential risk of physical injury to another'" and distinguishing the crime from unlawful possession outside of prison because "prisons are inherently dangerous places and they present unique problems"); Young, 990 F.2d at 472 ("The confines of prison preclude any recreational uses for a deadly weapon and render its possession a serious threat to the safety of others. By its nature, therefore, the possession of a deadly weapon by a prison inmate presents 'a serious potential risk of physical injury to another.'").

Although Robles-Rodriquez involved the knowing possession of

-8-

a metal shank in a federal correctional facility, its reasoning applies with equal force here.  We therefore adopt the reasoning of Robles-Rodriguez in holding that the knowing possession of a handgun in violation of a Texas statute prohibiting the possession of a deadly weapon in a penal institution is a crime of violence under U.S.S.G. § 4B1.2(a)(2).  Accordingly, we conclude that the district court did not err in enhancing Rodriguez-Jaimes's sentence as a career criminal offender under the Guidelines.[3]

B.   Sixth Amendment Claim

Rodriguez-Jaimes also contends that the district court's classification of his prior convictions as crimes of violence violated his Sixth Amendment rights under Booker, 543 U.S. 220.  We recently rejected this argument in United States v. Guevara.  In Guevara, the defendant argued that the district court sentenced him in violation of his Sixth Amendment rights by

---

[3]  We also reject Rodriguez-Jaimes's argument that the district court's classification of Rodriguez-Jaimes as a career criminal offender violated the Supreme Court's holding in Shepard v. United States, 544 U.S. 13 (2005).  In Shepard, the Supreme Court held that in determining the character of an offense in the context of applying the Armed Career Criminal Act, the court is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Id. at 16.  The district court here correctly followed the categorical approach mandated by the Supreme Court and this circuit and looked solely to the charging instrument in making its determination.  In addition, the district court did not consider any facts outside the indictment.  Cf. Shepard, 544 U.S. at 26.

deciding that he committed a crime of violence. 408 F.3d at 260-61. This court started with the Supreme Court's decision in Booker, explaining that

> [t]he question Booker answered in the affirmative was "[w]hether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines *based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant.*"

Id. at 261 (quoting Booker, 543 U.S. at 229 n.1) (emphasis added). We reasoned that aside from the defendant's age, "the determinations made in the course of a career offender classification are all questions of law; in other words, they are precisely the determinations the above-quoted italicized language exempts." Id. In holding that there was no Sixth Amendment violation, we concluded that "[c]areer offender status is not 'a sentencing judge's determination of a fact other than a prior conviction.'" Id.

Our decision in Guevara forecloses Rodriguez-Jaimes's constitutional claim. Absent an en banc or intervening Supreme Court decision, one panel of this court may not overrule a prior panel's decision. See United States v. Treft, 447 F.3d 421, 425 (5th Cir.), cert. denied, 127 S. Ct. 555 (2006). Accordingly, we conclude that the district court did not err in overruling Rodriguez-Jaimes's objection under Booker.

### III. CONCLUSION

-10-

For the foregoing reasons, we AFFIRM Rodriguez-Jaimes's judgment of conviction and sentence as imposed by the district court.

AFFIRMED.