IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-20079
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OYENOKACHIKEM CHARLES OSAMOR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-764-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oyenokachikem Charles Osamor was convicted by a jury in December 2002 of conspiracy to defraud the United States, conspiracy to launder funds, 12 counts of mail fraud, and 9 counts of possession of stolen mail. He was sentenced to a total term of 175 months of imprisonment. This court affirmed his convictions and his sentence; however, the Supreme Court vacated this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's judgment and remanded for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Osamor, 543 U.S. 1113 (2005).

The case was remanded to the district court for resentencing. On remand, the district court imposed a 156-month sentence, which was within the advisory guidelines range determined by the district court. Osamor appeals.

Osamor challenges his convictions on several grounds. The Government contends that Osamor is barred from challenging his convictions in this appeal.

In challenging his convictions, Osamor is essentially attempting to reurge several grounds for relief that were raised and rejected in his initial appeal. The mandate rule forecloses relitigation of these issues. See United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004). Osamor's attempts in this appeal to challenge his conviction on grounds not raised in an appeal prior to this court's last order of remand also fail, as such issues are deemed abandoned. See United States v. White, 24 F.3d 237 (5th Cir. 1994)(citing United States v. Camou, 184 U.S. 572, 574 (1902); Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir. 1996). To the extent that Osamor relies on the intervening decision in United States v. Booker, 543 U.S. 220 (2005) to argue that his convictions are invalid because facts used to increase his sentence were not charged in the indictment and determined by a jury beyond a reasonable doubt, his claims are without merit. See Booker, 543 U.S. at 252-53; United States v. Ashlock, 131 F. App'x 984, 985 (5th Cir. 2005).

Osamor argues that this court violated his due process rights in a prior appeal in this matter by not addressing arguments made in his supplemental brief. He asks that we recall the previously issued mandate. Osamor cannot obtain relief in this proceeding because one panel of this court may not overrule the decision of another absent an intervening decision to the contrary by the Supreme Court or the en banc court. See United States v. Rodriguez-Jaimes, 481 F.3d 283, 288 (5th Cir.2007).

Relying on Booker, Osamor argues that he was sentenced in violation of the Sixth Amendment. He contends that the enhancements to his sentence are

improper because they are based on facts not found by the jury. Osamor misperceives the impact of Booker, which solved the Sixth Amendment problem of judicial factfinding not by banning judicial factfinding but by making the Sentencing Guidelines advisory. See United States v. Johnson, 445 F.3d 793, 797 (5th Cir. 2006). After Booker, the sentencing court is still required to calculate the guidelines range in the same manner as before Booker and to make factual findings by a preponderance of the evidence. Id. at 798. Osamor's argument is without merit.

Osamor also argues that his sentence within the guidelines range is unreasonable. Sentences within a properly calculated guidelines range are afforded a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Osamor has not shown that the guidelines range was improperly calculated, and his argument that the 156-month sentence imposed by the district court is unreasonable is entirely conclusory and is unsupported by reference to any of the sentencing factors of 18 U.S.C. § 3553(a). Osamor has failed to show that the sentence was unreasonable.

AFFIRMED.