# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 09-10631
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACEY JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-172-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:*

On 25 February 2009, Tracey Johnson was convicted of being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Johnson appeals his conviction and sentence, claiming: the district court erred in admitting evidence discovered during a search of Johnson's automobile that took place while he was handcuffed in the back of a police car;

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his trial counsel was ineffective under the Sixth Amendment because counsel failed to move to suppress this evidence; his conviction was not supported by sufficient evidence; and, the district court erred in giving him a sentence consecutive to an as-yet unimposed state sentence.

Prior to the trial, and contrary to Federal Rule of Criminal Procedure 12(b)(3)(C), Johnson did *not* move to suppress the now-contested evidence. Nevertheless, he maintains the search violated his Fourth Amendment rights, relying on the Supreme Court's recent decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009). As Johnson concedes, such issues not raised in a suppression motion are waived and therefore unreviewable. *United States v. Chavez-Valencia*, 116 F.3d 127, 131 (5th Cir. 1997). Furthermore, because the record is undeveloped for his ineffective-assistance-of-counsel claim, we decline to reach Johnson's contention that his counsel rendered ineffective assistance by failing to move to suppress the evidence. *Id.* at 133-34.

Consistent with his motions for judgment of acquittal in district court, Johnson also contends the evidence of his guilt was legally insufficient. The record must be examined "to determine whether a rational trier of fact, after considering all the evidence and reasonable inferences drawn therefrom in a light most favorable to the verdict, could have found the defendant guilty beyond a reasonable doubt". *United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009) (quotation marks omitted).

Johnson claims the Government failed to prove beyond a reasonable doubt that he possessed a firearm and ammunition. Possession is a necessary element of § 922(g)(1). *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). It "may be actual or constructive, and may be proved by circumstantial evidence. Constructive possession can be established by showing (1) ownership, dominion or control over an item; or (2) dominion or control over the place where the item is found". *United States v. Harris*, 566 F.3d 422, 435 (5th Cir. 2009) (quotation marks and citation omitted), *petition for cert. filed* (Aug. 20, 2009) (No. 09-7385).

Johnson first contends that, under *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993), the Government failed to prove beyond a reasonable doubt that he possessed the pistol at issue in count one of his indictment. That pistol was found in Johnson's bedroom in his grandmother's residence. Johnson contends: the residence was jointly occupied by numerous persons; the weapon was not in plain sight; and, there were no other circumstantial indicia that Johnson knew about the weapon.

Unlike in *Mergeson*, there is *no* evidence that the bedroom was jointly occupied when the pistol was found, and an Officer testified the pistol was in plain sight. There is also *no* evidence linking the pistol to another person. Viewing the evidence in the light most favorable to the verdict, a reasonable juror could have found Johnson had constructive possession of the pistol because of his dominion and control over the bedroom where the pistol was found. *See Harris*, 566 F.3d at 435.

Johnson also contends the Government failed to prove beyond a reasonable doubt his being a felon in possession of ammunition, a single Winchester cartridge. In the above-described search, the cartridge was found in trousers found in the rear of a vehicle over which Johnson had dominion and control. *Id.* Johnson admitted that the trousers were his. Viewing the evidence in the light most favorable to the verdict, a reasonable juror could have determined that Johnson had constructive possession of the ammunition.

Finally, Johnson maintains that the district court erred in requiring that his federal sentence be served consecutively to an as-yet unimposed state sentence. As Johnson concedes, our court has held otherwise. *See United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006)); *see also United States v. Rodriguez-Jaimes*, 481 F.3d 283, 288 (5th Cir. 2007) ("Absent an en

banc or intervening Supreme Court decision, one panel of this court may not overrule a prior panel's decision.").

AFFIRMED.