# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2010

No. 09-10729

Lyle W. Cayce
Clerk

LORI A. DAVIS,

Plaintiff-Appellant,

versus

FARMERS INSURANCE EXCHANGE,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:08-CV-625

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Lori Davis appeals the summary judgment on her sex discrimination, age discrimination, and civil conspiracy claims. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10729

I.

Davis was an employee of Farmers Insurance Exchange ("Farmers"), which received two anonymous letters indicating that some of its employees might be violating company ethics rules by accepting gifts from vendors. In the course of an internal investigation, Davis admitted that she had allowed Servpro, one of Farmers's vendors, to pay her entry fees for a golf outing and a fishing tournament.

One of Davis's fellow employees, Steve Payne, was also investigated for potential violations of the gift policy. Payne attended the golf outing and the fishing tournament but maintained that he had paid his own entry fees. Despite Davis's claim that Payne accepted sponsorship, the investigation produced no proof that he allowed vendors to pay for his participation.

Three months after the anonymous letters, Davis was discharged from her position as senior claims representative at the age of 46. In the termination memo, Farmers stated that she was being discharged for accepting gifts. Payne, who was 29, kept his job.

Davis sued Farmers, alleging sex discrimination in violation of title VII of the Civil Rights Act of 1964 ("title VII"), 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* She also claimed that Farmers had engaged in a civil conspiracy with Servpro to violate those statutes.

The district court granted Farmers's motion for summary judgment, holding that Davis failed to make out a *prima facie* case of sex or age discrimination, and, in the alternative, that Farmers had articulated a legitimate, nondiscriminatory reason for its actions, and Davis failed to create a fact issue as to whether that reason was pretextual. The court also held that Davis had failed to demonstrate a genuine issue of material fact on the civil conspiracy claim, because Farmers was not liable for any underlying tort. Davis appeals, arguing that

No. 09-10729

summary judgment was inappropriate, because she demonstrated material fact issues on all claims.

## II.

We review a summary judgment *de novo*, applying the same standard as did the district court. *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the court below." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

## III.

Davis claims that she demonstrated genuine issues of material fact on her sex discrimination claim under title VII and her age discrimination claim under the ADEA. We review those claims under the general burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] If a

---

[1] In *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009), the Court held that the title VII standard for so-called "mixed-motives" cases was not applicable to claims under the ADEA. The Court, however, declined to decide whether the general evidentiary framework of *McDonnell Douglas* utilized in title VII cases is appropriate in the ADEA context. *Id.* at 2349 n.2. We therefore remain bound by the burden-shifting framework for ADEA cases that has been employed consistently in our circuit. *See Sandstad v. CB Richard Ellis, Inc.*, 309

(continued...)

plaintiff makes out a *prima facie* case, a presumption of discrimination arises, and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005). If the defendant meets that burden, the presumption of discrimination dissipates. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Plaintiff then has the ultimate burden of proving intentional discrimination. *Id.* Under title VII, the plaintiff must prove that (1) the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative), or (2) the defendant's reason, though true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative). *Id.*; see also *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 94 (2003). The ADEA, however, does not authorize a mixed-motives age discrimination claim, and the plaintiff must prove that age was the "but-for" cause of the challenged employment action. *Gross,* 129 S. Ct. at 2352.

Even assuming that Davis stated a *prima facie* case of sex or age discrimination, it is undisputed that Farmers articulated a legitimate, non-discriminatory reason for terminating her employment. It has consistently stated that she was fired for breaking the company's gift policy, and violation of company policy is undoubtedly a legitimate reason for discharge. *See, e.g., Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). After meeting its burden, any presumption of discrimination dissipated, and Davis had to bring forth evidence of pretext or a discriminatory motive capable of creating a genuine issue of material fact.

Davis's self-serving and conclusory statements in the district court were

---

[1] (...continued)
F.3d 893, 896 n.2 (5th Cir. 2002) ("This circuit applies the *McDonnell Douglas* rubric to both Title VII and ADEA claims."); *see also United States v. Rodriguez-Jaimes*, 481 F.3d 283, 288 (5th Cir. 2007) ("Absent an en banc or intervening Supreme Court decision, one panel of this court may not overrule a prior panel's decision.").

not sufficient for either her title VII claim or her ADEA claim to survive summary judgment. She offered no competent summary judgment evidence that Farmers's articulated reason was pretextual or that its decision was motivated in any part by her sex or age.[2]

Davis first attempted to demonstrate pretext by arguing that Payne committed the same violation of company policy for which she was terminated but was allowed to keep his job. She argues that her statements are sufficient to create a fact issue as to whether Farmers's proffered reason for her termination was false. Those self-serving statements, however, are not competent summary judgment evidence and cannot create material issues of fact. An internal investigation vindicated Payne, and Davis offers only her subjective beliefs in rebuttal. Those beliefs are insufficient to show that Payne received favorable treatment despite being similarly situated, and they cannot create a fact issue precluding summary judgment.

Davis also stated that she thought Servpro was a "preferred vendor," so she believed she was allowed to accept its sponsorship. In addition to being self-serving, that contention is irrelevant. Her own mistaken belief has no bearing on whether she presented competent evidence of pretext or discriminatory intent. Similarly, her suggestion that neither her co-worker, Vikki Davis, nor the owner of Servpro, Bryan Stone, thought that she was violating Farmers's policy is also irrelevant. The fact that other people may have also misunderstood the gift policy does not create a fact issue as to whether Farmers fired her because of sex or age.

Finally, Davis produced emails suggesting that other employees accepted free continuing education classes from Servpro, allegedly in violation of the gift

---

[2] Davis also asserts that the district court improperly considered new arguments and evidence presented in Farmers's reply to her motion in opposition to summary judgment. The record provides no evidence to support that assertion.

No. 09-10729

policy. Accepting free classes on topics relevant to the company's business is not sufficiently similar to accepting payment of golf and fishing fees to support an inference of discrimination, especially considering that Farmers specifically encouraged its employees to take those classes. More importantly, Davis does not identify any employee who was found to have accepted golf or fishing sponsorship but was not terminated. Her evidence of other instances in which the gift policy was allegedly violated without repercussion does not support an inference of discriminatory motive for her termination.

Davis presented no competent summary judgement evidence to suggest that her violation of company policy was a pretext or that a discriminatory motive played any role in her termination. Summary judgment on her title VII and ADEA claims was therefore appropriate. And, because summary judgment on those claims was proper, there was no violation of law on which to ground a civil conspiracy claim.[3]

AFFIRMED.

---

[3] Because summary judgment was proper on the title VII and ADEA claims, it is not necessary to address whether, under Texas law, a civil conspiracy claim can be grounded on a statutory violation rather than a tort.