# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2010

No. 09-10727
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT RICH,

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden, FCI - Ft Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-172

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 1990, Robert Rich, federal prisoner # 19351-077, was convicted of conducting a continuing criminal enterprise (CCE), conspiring to possess and possession with intent to distribute amphetamine, and use of a telephone to facilitate a drug offense. In 2009, Rich filed a 28 U.S.C. § 2241 petition in the district court. Citing the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813, 824 (1999), Rich argued that the jury instruction for his CCE offense impermissibly enlarged the indictment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rich appeals the district court's dismissal of his petition. He argues that the district court erred by relying on the savings clause test set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Our review is de novo. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In *Reyes-Requena*, 243 F.3d at 900-04, we held that in order to bring a § 2241 petition under the savings clause, the petitioner must set forth a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Rich argues that rather than the test set forth in *Reyes-Requena*, we should employ the savings clause test set forth by the Seventh Circuit in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Rich has not shown that the facts of his case are not controlled by *Reyes-Requena*. Absent an en banc decision by this court or intervening Supreme Court decision explicitly or implicitly overruling *Reyes-Requena*, we are bound by the precedent established in *Reyes-Requena*. *See United States v. Rodriguez-Jaimes*, 481 F.3d 283, 288 (5th Cir. 2007). We note, however, that Rich's reliance on the Seventh Circuit's *Davenport* test is flawed because *Davenport* also contains an actual innocence requirement. *See Reyes-Requena*, 243 F.3d at 902-03 & n. 28.

Rich has not demonstrated that the district court erred in dismissing his § 2241 under the reasoning set forth in *Jeffers*, 253 F.3d at 830. Accordingly, the judgment of the court is AFFIRMED.