# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2010

Lyle W. Cayce
Clerk

No. 09-41245
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES TYSON, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CR-36-1

Before DEMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Tyson, Jr., was convicted by a jury of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Tyson was sentenced to 117 months of imprisonment and a three-year term of supervised release. He appeals his conviction and sentence.

Tyson argues that the evidence was insufficient to sustain his conviction. He specifically asserts that the Government failed to show that he possessed a firearm. Tyson contends that the firearm at issue in this case was found in an

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

area where it could have been accessed by others and that there was no physical or forensic evidence establishing his connection to the weapon. He argues that the Government's case relied solely upon the unreliable testimony of a police officer who purportedly saw Tyson discard the firearm during a foot chase.

We will uphold the jury's verdict "if a reasonable trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2067 (2009) (internal marks and citation omitted). This court does "not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008) (citation omitted).

Given the evidence, a reasonable trier of fact could conclude beyond a reasonable doubt that Tyson committed the charged offense. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). An officer observed Tyson discard a shiny object during a foot chase. The officer returned to retrieve the item immediately after apprehending Tyson and found a firearm in the specific location where he observed Tyson discard the shiny object. There were no shiny objects in the area other than the firearm and that there was no indication that the firearm had been laying in the area for an extended period of time. Although Tyson challenges the reliability of the officer's testimony, the jury's verdict suggests that it found the testimony to be credible, and we must accept this credibility determination. *See Ramos-Cardenas*, 524 F.3d at 605. Thus, viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence to support Tyson's conviction. *See Jackson,* 443 U.S. at 319.

Tyson also contends that the district court improperly calculated his base offense level by erroneously classifying his prior Texas state conviction for assault-family violence as a "crime of violence." He concedes that the conviction

is a "crime of violence" under United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.2 and this court's precedent in *United States v. Anderson*, 559 F.3d 348, 354-56 (5th Cir.), *cert. denied*, 129 S. Ct. 2814 (2009). However, he argues that the more narrow definition of "crime of violence" provided by U.S.S.G. § 2L1.2 should apply and that his prior offense would not constitute a "crime of violence" under that definition. He also contends that the treatment of his offense as a "crime of violence" violates the holding of *Begay v. United States*, 553 U.S. 137 (2008).

Tyson was assessed a base offense level pursuant to U.S.S.G. § 2K2.1(a)(2), which provides for an offense level of 24 if, inter alia, the defendant committed the instant offense after sustaining at least two felony convictions for crimes of violence. Section 2K2.1(a)(2) adopts the definition of "crime of violence" set forth in § 4B1.2. § 2K2.1 cmt. n.1. Thus, for purposes of § 2K2.1(a)(2), "crime of violence" is an offense punishable under federal or state law by a term of imprisonment exceeding one year that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a).

We previously interpreted the statute at issue here, Texas Penal Code § 22.01(b), and determined that the offense satisfies the definition of "crime of violence" under § 4B1.2 because the offense involves a serious potential risk of physical injury to another. *See Anderson*, 559 F.3d at 355. We specifically rejected Tyson's argument that the definition of "crime of violence" under § 2L1.2(b) applies for purposes of § 2K2.1(a)(2). *Id.* Thus, Tyson's arguments are foreclosed by *Anderson,* and we are bound by this precedent absent an en banc decision or intervening Supreme Court decision. *See United States v. Rodriguez-Jaimes*, 481 F.3d 283, 288 (5th Cir. 2007). The Supreme Court's decision in *Begay* is not inconsistent with our precedent; we effectively held in

3

*Anderson* that an offense under § 22.01(b)(2) involves the type of purposeful, violent, and aggressive conduct necessary to satisfy the definition of "crime of violence"in § 4B1.2. *Anderson*, 559 F.3d at 355-56; *see Begay*, 553 U.S. at 145.

Tyson further contends that his sentence was unreasonable because it was greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a). He does not challenge the district court's calculation of the applicable guideline range. He also concedes that this court affords a presumption of reasonableness to sentences imposed within the properly calculated guideline range. Nevertheless, Tyson argues that this presumption of reasonableness violates *United States v. Booker*, 543 U.S. 220 (2005), because it gives undue influence to the guideline range. He also asserts that the factors used to justify his sentence were already taken into account by the Guidelines and that the district court did not engage in a significant and meaningful analysis of any mitigation factors. Because Tyson did not object to the reasonableness of his sentence in the district court, this court reviews for plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

Tyson's challenge to the presumption of reasonableness is foreclosed by *Rita v. United States*, 551 U.S. 338, 346-51 (2007). Furthermore, the record reflects that the district court considered the Guidelines and the § 3553(a) factors in fashioning an appropriate sentence. Because the district court exercised its discretion to impose a sentence within the properly calculated guideline range, the sentence is presumptively reasonable, and this court may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. *See id.*; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Therefore, Tyson has not shown plain error. *See Peltier*, 505 F.3d at 392.

AFFIRMED.