UNITED STATES of America,
Plaintiff–Appellee

v.

Reginald Baxter HODGE,
Defendant–Appellant.

No. 10–10157
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2010.

Susan Cowger, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

William Reynolds Biggs, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, Douglas Anthony Morris, Esq., Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Reginald Baxter Hodge challenges his jury-trial conviction for being a felon in possession of a firearm. He asserts that there was insufficient evidence to sustain his conviction because the evidence did not establish that he exercised ownership over the firearms or the house in which the firearms were recovered. Hodge argues that there was no evidence linking him to the guns, and there thus was insufficient evidence to support a finding of constructive possession.

Because Hodge moved for a judgment of acquittal at the close of the Government's case, we review the sufficiency of the evidence de novo, *see United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir.2000), and determine whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir.2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 2065 and 2067, 173 L.Ed.2d 1143 (2009). The evidence is considered "in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict." *Id.* (internal quotation marks and citation omitted).

In order to return a verdict of guilty, the jury had to determine that the Government proved that Hodge was previously convicted of a felony and knowingly possessed a firearm that was in or affected interstate commerce. *See United States v. Anderson*, 559 F.3d 348, 353 (5th Cir.), *cert. denied*, —— U.S. ——, 129 S.Ct. 2814, 174 L.Ed.2d 308 (2009); 18 U.S.C. § 922(g)(1). Hodge challenges only the sufficiency of the evidence proving his knowing possession of a firearm.

Possession of a firearm may be actual or constructive. *United States v. Patterson*, 431 F.3d 832, 837 (5th Cir.2005). "Constructive possession is defined as ownership, dominion or control over the [firearm] itself or dominion or control over the premises in which the [firearm] is [pres-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ent]." *United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir.1996) (internal quotation marks, brackets, and citation omitted). In cases where there is joint occupancy of a dwelling, constructive possession may be established only where there is evidence supporting a plausible inference that the defendant had knowledge of, and access to, the item. *See United States v. De Leon*, 170 F.3d 494, 496–97 (5th Cir.1999).

■ The Government presented sufficient evidence to establish that Hodge constructively possessed the firearms by having knowledge of and access to the weapons. The guns were found during a search of a home at which Hodge regularly was seen, including on the day of the search, and at which there was substantial indicia of his regular presence. Officers specifically found a shotgun behind the sole entrance to the master bedroom, in which officers located, inter alia, items of mail (e.g., a water bill) addressed to Hodge at the home, an employee identification badge bearing his name and picture, and a closet full of clothing designed for a man of Hodge's size and stature. The shotgun, which was easily visible and conveniently accessible, was located next to body armor and other clothing that the evidence supported were attributable to Hodge. Officers also separately recovered a rifle from a closet that contained clothing designed for a large male similar in size to Hodge. Hodge proffers no evidence linking the guns to another person nor explaining the presence of the weapons in locations associated with him within a home over which he exercised some control. A rational juror therefore could have found beyond a reasonable doubt that Hodge was guilty of knowingly possessing a firearm. *See Percel*, 553 F.3d at 910.

■ Hodge also argues that the district court wrongly admitted testimonial hearsay from out-of-court witnesses in contravention of the Confrontation Clause. He specifically contends that a Government witness testified concerning statements that out-of-court witnesses made while they were detained for custodial interrogation. He asserts that the witnesses particularly testified that they did not live at the home in which the firearms were found and that Hodge lived at the residence.

Hodge did not object to the admissibility of the disputed evidence at trial. Accordingly, review is for plain error. *See United States v. Acosta*, 475 F.3d 677, 680 (5th Cir.2007). An error or defect is plain if it was clear or obvious and affected the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). To demonstrate that the error affects substantial rights, a defendant must show a reasonable probability that but for the Confrontation Clause violation, the result of the proceeding would have been different. *United States v. Martinez–Rios*, 595 F.3d 581, 587 (5th Cir.2010). If such a showing is made, this court may exercise its discretion to remedy the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett*, 129 S.Ct. at 1429.

Under the Sixth Amendment, a criminal defendant has the right "to be confronted with the witnesses against him." *Coy v. Iowa*, 487 U.S. 1012, 1015, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). In *Crawford v. Washington*, 541 U.S. 36, 54–56, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that out-of-court testimonial statements are barred by the Sixth Amendment's Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. Although the Court did not specifically define "testimonial statements," the Court did articulate a

"core class" of testimonial statements, including, inter alia, "statements that were made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 51–52, 124 S.Ct. 1354.

The record does not establish definitively whether the disputed statements are testimonial in nature, i.e., the record is ambiguous whether the contested comments were intended to establish or prove past events potentially relevant to a subsequent prosecution or to ascertain information related to an ongoing, potentially exigent circumstance. However, even if the disputed statements are testimonial, and their admission violated Hodge's Confrontation Clause rights, Hodge has not shown a reasonable probability that the outcome of his trial would have been different but for the admission of the statements. *See Martinez–Rios,* 595 F.3d at 587. Hodge principally has not shown that, given the substantial evidence proving his knowledge of and access to the firearms, the introduction of evidence suggesting his possible residence at the home affected the outcome of his trial. Hodge's residency was not determinative of whether he had control over the house and knowledge of its contents. *See De Leon,* 170 F.3d at 497. Because Hodge has not shown that the introduction of the disputed statements contributed to the jury's verdict or that its exclusion likely would alter the trial's outcome, he has not shown that the admission of the evidence affected his substantial rights and rose to the level of plain error. *See Martinez–Rios,* 595 F.3d at 587.

Hodge further contends that the district court erroneously denied his motion for acquittal on the ground that the Government did not establish a sufficient nexus between the recovered firearms and interstate commerce. As Hodge correctly acknowledges, his argument is foreclosed by circuit precedent. *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Dancy,* 861 F.2d 77, 80–81 (5th Cir.1988). This court is bound to follow this precedent absent an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. *United States v. Rodriguez–Jaimes,* 481 F.3d 283, 288 (5th Cir.2007).

AFFIRMED.

