# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

No. 12-50671
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSHUA ZUNIGA RAMIREZ, also known as Joshua Ramirez, also known as Dboy,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-785-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joshua Zuniga Ramirez was convicted, through his guilty plea, for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and received, pursuant to the Armed Career Criminal Act (ACCA), the statutory-minimum 15 years' imprisonment required by 18 U.S.C. § 924(e). Contesting his sentence, Ramirez contends the district court erred in treating his prior Texas conviction for possession of a deadly weapon in a penal institution as a violent

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony, resulting in the statutory-minimum sentence under ACCA. (According to the Pre-sentence Investigation Report, the deadly weapon in the prior offense at issue was a rock in a sock.)

A district court's determining a prior offense constitutes a violent felony under ACCA is reviewed *de novo*, *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006), using a categorical approach under which the elements of the underlying statute for the prior offense, rather than defendant's underlying conduct, are examined, *Sykes v. United States* 131 S. Ct. 2267, 2272 (2011). Ramirez violated Texas Penal Code § 46.10 by "intentionally, knowingly, or recklessly . . . (1) carr[ying] on or about his person a deadly weapon; or (2) possess[ing] or conceal[ing] a deadly weapon in the penal institution".

ACCA subjects a defendant, convicted under 18 U.S.C. § 922(g), to a mandatory-minimum sentence of 15 years' imprisonment if he has three prior convictions for a "violent felony", defined as a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct* that presents a serious potential risk of physical injury to another". 18 U.S.C. § 924(e)(2)(B) (emphasis added).

Ramirez contends: under *Begay v. United States*, 553 U.S. 137 (2008), the residual, or "otherwise involves", clause of 18 U.S.C. § 924(e)(2)(B)(ii) excludes reckless crimes, and his prior conviction was such an excluded offense. The Supreme Court has addressed when an offense should be classified as a violent felony via that residual clause. *Begay*, 553 U.S. at 143-45 (cited in *United States v. Stoker*, 706 F.3d 643, 649 (5th Cir. 2013) with respect to the residual clause of Sentencing Guideline § 4B1.2). *Begay* explains the residual clause applies to offenses "similar" to ACCA's enumerated offenses, but specifically to those offenses "roughly similar, in kind as well as in degree of risk posed, to the examples themselves" and "typically involve purposeful, 'violent,' and 'aggressive' conduct". *Begay*, 553 U.S. at 143-45. (To the extent the Court's

decision in *Sykes* may have limited the applicability of the *Begay* analysis to those offenses involving strict liability or an element of recklessness, the limitation is not applicable here, as the Texas statute at issue may be violated intentionally, knowingly, *or* recklessly.  *See Sykes*, 131 S. Ct. at 2275-76; TEX. PENAL CODE § 46.10.)

In *United States v. Marquez*, 626 F.3d 214, 225 (5th Cir. 2010), our court held the New Mexico offense of possession of a deadly weapon by a prisoner constituted a crime of violence under Guideline § 4B1.2.  *Marquez*' analysis was closely aligned with the Tenth Circuit's in *United States v. Zuniga*, 553 F.3d 1330 (10th Cir. 2009), which held a violation of Texas Penal Code § 46.10 was a crime of violence under ACCA. *Marquez*, 626 F.3d at 223 (citing *Zuniga*, 553 F.3d at 1335).  *Marquez* also quoted the conclusion of our pre-*Begay* decision, *United States v. Rodriguez-Jaimes*, 481 F.3d 283 (5th Cir. 2007), that possession of a weapon in a prison setting "'creates a perpetual risk of injury and precludes any legitimate reasons that a non-incarcerated individual could have for possessing a weapon . . . '". *Marquez*, 626 F.3d at 222 n.71 (quoting *Rodriguez-Jaimes*, 481 F.3d at 287).

*Marquez*, with its relying on *Zuniga* and *Rodriguez-Jaimes*, is controlling here. *United States v. Hughes*, 602 F.3d 669, 673 and n.1 (5th Cir. 2010) ("We have previously applied our holdings under the residual clause of the ACCA to analyze the definition of crimes of violence under [Guideline] § 4B1.2, and vice versa." (internal quotation marks and citation omitted)).  In short, Ramirez has shown no error in the court's determining his conviction for possession of a deadly weapon in a penal institution, in violation of Texas Penal Code § 46.10, constitutes a violent felony under 18 U.S.C. § 924(e).

AFFIRMED.